UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 02-50038-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| PHIL ANDREW WILSON | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Defendant Phil Wilson ("Wilson") moves to vacate his conviction under 28 U.S.C. § 2255. [Record Document 168]. Because Wilson's motion was filed more than a year after his conviction became final and because the void-for-vagueness holding of Johnson v. United States is inapplicable to his case, his motion is **DENIED**.[1]

## Facts

In 2002, Wilson was charged with possession with intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base and a quantity of a mixture and substance containing a detectable amount of cocaine hydrochloride, and a single count of conspiracy to possess with intent to distribute those drugs. Record Document 21. He proceeded to a jury trial and was found guilty on both counts. Record Document 80. On December 18, 2002, the Honorable Tom Stagg sentenced Wilson to 360 months' imprisonment on each count, to run concurrently, along

---

[1] At the issuance of this opinion, the Bureau of Prisons website reflects that Wilson was released from custody on August 13, 2020. Because Wilson is currently on supervised release, his release from custody does not render his § 2255 moot. See United States v. Bejarano, 751 F.3d 280, 285 n.4 (5th Cir. 2014) (explaining that if the defendant is released from prison, yet still subject to a term of supervised release, his § 2255 claims are not mooted by his release from custody).

with ten years of supervised release.² Record Documents 94 & 95. Wilson appealed, and the Fifth Circuit affirmed his conviction. Record Document 114. On June 27, 2016, Wilson filed the instant § 2255 motion. Record Document 168.

## Law and Analysis

A motion to vacate under § 2255 must be filed within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Following an unsuccessful appeal after which the defendant does not seek a writ of certiorari, a conviction becomes final when the time expires for filing the writ. Clay v. United States, 537 U.S. 522, 525 (2003). A writ of certiorari must be filed within ninety days of the entry of judgment. Id. (citing Supreme Court Rule 13(1)). The Fifth Circuit denied Wilson's appeal on April 19, 2004. Thus, his time to petition for certiorari expired on July 19, 2004. Because he filed the instant motion on June 27, 2016, it is untimely unless another provision of § 2255(f) applies.

---

² Wilson's sentence was later reduced from 360 months to 270 months with ten years of supervised release to follow. Record Document 139.

Wilson argues that his motion is timely under § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson invalidated the "residual clause" of the Armed Career Criminal Act ("ACCA"); the ACCA imposes increased sentences for firearm possession when an offender has three previous convictions for "violent felonies." 18 U.S.C. § 924(e)(1). Prior to Johnson, the applicable prior violent felonies included certain enumerated offenses as well as those set forth in the residual clause— felonies "involv[ing] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(1), (e)(2)(B)(ii). Johnson, decided on June 26, 2015, concluded that the ACCA's residual clause was unconstitutionally vague. 135 S. Ct. at 2557. Wilson filed the instant petition on June 27, 2016, one year after Johnson.[3] To determine timeliness under § 2255(f), the Court must decide whether Johnson applies to Wilson. If it does, then his motion to vacate is timely.[4]

In this case, the presentence report ("PSR") determined that Wilson had an offense level of 42. Wilson had amassed a number of criminal history points, but ultimately what placed him in the top criminal history category, a category VI, was the PSR's application of the career offender guideline, U.S.S.G. § 4B1.1(a). That is, because Wilson had two prior felony convictions, one for a controlled substance offense and the other for a crime of violence, he was deemed a career offender and automatically placed in criminal history category VI. His guideline range automatically became 360 months to life. Judge Stagg

---

[3] June 26, 2016 was a Sunday, thus filing on the next business day, June 27, 2016, was permissible.

[4] The Court would also note that on April 18, 2016, the Supreme Court held that Johnson's rule was retroactive to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

3

adopted the findings of the PSR, including the application of the career offender guideline, and sentenced Wilson within the guideline range.

The Court's inquiry here is focused upon Wilson's crime of violence conviction; in the absence of that conviction, Wilson would not have been deemed a career offender under the Sentencing Guidelines.[5] Wilson's prior crime of violence was accessory after the fact to second degree murder in North Carolina. At the time of Wilson's sentencing, the career offender provision defined the term "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that— (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2 (2003) (emphasis added). The italicized portion uses the exact same language held unconstitutionally vague in Johnson, when applied to the ACCA's residual clause. In light of Johnson, Wilson urges the Court to find that it was unconstitutional to use the residual clause to find that his accessory after the fact conviction was a crime of violence under the career offender provision of the Sentencing Guidelines. That is, Wilson argues that Johnson should be applied to invalidate the residual clause of the career offender guideline, as its language is identical to the now-invalidated residual clause of the ACCA. Under Wilson's theory, because Johnson announced a new rule that is applicable to his case, his § 2255 should be deemed timely filed, since it was filed within one year of the date the right was recognized by the Supreme Court.

---

[5] Wilson's prior drug conviction is not challenged and thus not at issue here.

It is critical to recognize that in Johnson, the defendant's sentence was enhanced by the ACCA, a statute, not by the Sentencing Guidelines. 135 S. Ct. at 2556. In Johnson's aftermath, the Supreme Court expressly held that the Sentencing Guidelines are not subject to void-for-vagueness challenges because they are advisory, not mandatory. Beckles v. United States, 137 S. Ct. 886, 895 (2017).[6] Thus, under an advisory sentencing scheme, Beckles forecloses Wilson's relief, which for purposes of the timing inquiry, means that Johnson is inapplicable and Wilson's § 2255 is untimely.

However, Wilson points out that he was sentenced in 2002, pre-Booker, i.e., under a mandatory sentencing scheme. United States v. Booker, 543 U.S. 200 (2005). Indeed, prior to the Supreme Court's Booker decision, the Sentencing Guidelines were mandatory, and as such, binding on the district courts at sentencing. Booker, however, rendered them effectively advisory, such that they are now merely one sentencing factor for the court to consider in fashioning an appropriate sentence. Unquestionably, though, the law in effect at the time of Wilson's sentencing was the mandatory sentencing scheme that, subject to limited exceptions, bound the sentencing courts, including the one that sentenced Wilson.

The Government concedes that Beckles did not decide whether Johnson would apply to the mandatory Sentencing Guidelines. Nonetheless, the Government's supplemental briefing highlights a more recent Fifth Circuit case on point.[7] In United States v. London, the Fifth Circuit held that London's § 2255 motion, which argued that when imposed pre-Booker, the residual clause of the career offender guideline was

[6] This Court previously stayed Wilson's case pending an opinion in Beckles.
[7] The Government's motion to supplement [Record Document 181] is **GRANTED**.

unconstitutionally vague under Johnson, was "untimely because he . . . failed to assert a right recognized in Johnson." London, 937 F.3d 502, 509 (5th Cir. 2019). The Fifth Circuit explained that Johnson involved a challenge to a statute, the ACCA, that increased a defendant's mandatory minimum and maximum sentences, whereas the career offender provision, even pre-Booker, did not similarly increase the statutory minimum and maximum penalties. Id. at 507. Instead, it

> only cabined a judge's discretion in choosing a sentence within the statutory range. . . . The career offender designation only directed the discretion of the district judge within the statutory range . . . . That is distinguishable from Johnson, where applying the residual clause had the effect of increasing the punishment faced by the defendant by raising the statutory minimum and maximum sentences.

Id. at 507-08. The newly recognized right asserted by London was that "a sentence determined by the vague language of the residual clause in U.S.S.G. § 4B1.2 pre-Booker violates constitutional due process. This asserted right, we think, is not *dictated* by Johnson. . . . The Supreme Court has yet to decide whether a vagueness challenge can be raised under the pre-Booker Sentencing Guidelines." Id. at 507. In fact, as Judge Costa's concurrence instructed, "[i]n this circuit, the habeas clock restarts only if the Supreme Court has addressed the exact application of Johnson that would grant the prisoner relief." Id. at 509.

Accordingly, as the Fifth Circuit has held that Johnson does not afford relief under these circumstances, Wilson's motion must be deemed untimely.

6

### **Conclusion**

Wilson's motion to vacate is timely only if <u>Johnson</u> provides him with relief. Because <u>Johnson</u> is inapplicable to Wilson, his motion is time-barred. **IT IS ORDERED** that the motion to vacate [Record Document 168] is **DENIED**.

Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts requires a district court to issue or deny a certificate of appealability when it enters a final order adverse to the movant. This Court, after considering the record and the standard set forth in 28 U.S.C. § 2253, **DENIES** a certificate of appealability because Wilson has not made a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** this 17th day of August, 2021.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE